UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND AT LAFAYETTE

| | | |
|---|---|---|
| MICHAEL A. MAXIE, | ) | |
| Petitioner | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:11-CV-368 RM |
| SUPERINTENDENT, ELKHART COUNTY CORRECTIONS CENTER, | ) ) ) | |
| Respondent | ) | |

OPINION AND ORDER

Petitioner Michael Maxie filed a petition for wit of habeas corpus habeas corpus pursuant to 28 U.S.C. § 2254, which the court struck as inadequate on October 20, 2011, giving Mr. Maxie a chance to file an amended petition. This matter is now before the court on Mr. Maxie's motion for leave to amend his petition and his proposed amended petition for writ of habeas corpus. Mr. Maxie challenges his February 28, 2011, convictions in the Elkhart Superior Court for battery on a pregnant person, domestic battery, and interference with reporting a crime.

Under Rule 4 of the Rules Governing Section 2254 Cases, district courts must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss petitions that obviously lack merit.

According to his proposed amended petition for writ of habeas corpus, Mr. Maxie

took a direct appeal from his conviction, and the Court of Appeals of Indiana affirmed his conviction on November 1, 2011, almost two months after he filed his original petition for writ of habeas corpus. According to his proposed amended petition, Mr. Maxie requested transfer to the Indiana Supreme Court, but that court told him his request was defective and gave him a chance to re-file a proper petition. The Online Docket of the Indiana Clerk of Courts establishes that on December 1, 2011, the Indiana Supreme Court refused Mr. Maxie's initial petition for transfer because it was "defective," but that on January 9, 2012, it accepted Mr. Maxie's reformated petition to transfer. (January 19, 2012, 12:02 P.M.), http://hats.courts.state.in.us/ISC3RUS/ISC2detail.jsp?row=7). According to the online docket, the petition to transfer is still pending.

Under 28 U.S.C. § 2254(b)(1), an application for writ of habeas corpus can't be granted unless is appears that the applicant has exhausted the remedies available to him in the courts of the state in which the conviction occurred. Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where, as in Indiana, that review is normal, simple, and an established part of the State's appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838, 846-847 (1999).

Mr. Maxie filed his original petition for writ of habeas corpus before he exhausted his state court remedies, and he still hasn't exhausted his state court remedies because he has a petition to transfer pending with the Indiana Supreme Court. Accordingly, the court

will dismiss this petition for writ of habeas corpus as premature.

Under RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must consider whether to grant Mr. Maxie a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons stated in this memorandum, the court concludes that Mr. Maxie's claims are barred at this time because he has not yet exhausted his state court remedies. Nothing in Mr. Maxie's submissions suggest, let alone establish, that jurists of reason could debate the correctness of this court's conclusions or find a reason to encourage him to proceed further. Accordingly, the court declines to issue Mr. Maxie a certificate of appealability.

For the reasons stated in this order, the court DENIES the petitioner's motion for leave to file an amended petition (DE 21), pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, DISMISSES this cause of action without prejudice to the petitioner's right to file a petition for writ of habeas corpus after he has exhausted his state court remedies, and DENIES the petitioner a certificate of appealability.

SO ORDERED.

DATED: January  19 , 2012

              /s/ Robert L. Miller, Jr.

Judge
United States District Court

cc: M. Maxie