UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL A. MAXIE, )
)
        Petitioner, )
)
v. ) CAUSE NO. 3:11-CV-368 RM
)
SUPERINTENDENT, ELKHART )
COUNTY CORRECTIONS CENTER, )
)
        Respondent. )

OPINION AND ORDER

Petitioner Michael Maxie filed a petition for wit of habeas corpus habeas corpus pursuant to 28 U.S.C. § 2254, which the court struck as inadequate on October 20, 2011, giving Mr. Maxie a chance to file an amended petition. At Mr. Maxie's request, the court extended the time within which he was allowed to file an amended petition to January 30, 2012. Mr. Maxie filed his motion for leave to amend and his proposed amended petition on January 13. On January 20, the court reviewed the proposed amended petition under Rule 4 of the Rules Governing Section 2254 Cases and concluded that Mr. Maxie filed his original petition for writ of habeas corpus before he exhausted his state court remedies, and when he filed his amended petition he still hadn't exhausted his state court remedies because he has a petition to transfer pending with the Indiana Supreme Court. Accordingly, the court dismissed Mr. Maxie's petition for writ of habeas corpus without prejudice because it was premature.

This matter is now before the court on Mr. Maxie's motion to correct amend

information and on his motion amending additional information. The court will treat Mr. Maxie's motion to correct amend information as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59.

In his motion to amend or correct judgment, Mr. Maxie argues that on January 4, this court had afforded him "until January 31, 2012[1] to file all information on habeas corpus petition" and that this deadline hadn't expired when the court dismissed his habeas petition (DE 26). Mr. Maxie mischaracterizes the court's order of January 4, which did not afford him until January 30 within which to file "all information on habeas corpus petition." In that order, the court granted Mr. Maxie's:

> request for additional time within which to file an amended petition. The Court AFFORDS the Petitioner until January 30, 2012, within which to file an amended petition for writ of habeas corpus.

(DE 20).

Although the Court had given Mr. Maxie until January 30 to file his amended petition, he actually filed his motion for leave to file an amended petition and his proposed amended petition for writ of habeas corpus on January 13. (DE 21). Mr. Maxie already had met his deadline, and this case was ready for review under Rule 4 of the Rules Governing Section 2254 Cases as of January 13. Accordingly, Mr. Maxie's motion to reconsider the entry of judgment because the court dismissed his amended petition before the date set in its order of January 4, for filing an amended petition is without merit.

In his motion amending additional information, Mr. Maxie discusses the merits of

---

[1] The deadline imposed by the Court's order of January 4, 2011, was January 30, not January 31 (DE 20).

his petition for writ of habeas corpus, asserting that he was not brought before a magistrate within 48 hours of his arrest, that his criminal attorney was disbarred during his criminal preceding and did nothing on his case, and that the trial judge abused his discretion during his criminal trial by making erroneous rulings. Under 28 U.S.C. § 2254(b)(1), an application for writ of habeas corpus can't be granted unless is appears that the applicant has exhausted the remedies available to him in the courts of the state in which the conviction occurred. Accordingly, this court can't consider the merits of Mr. Maxie's petition for writ of habeas corpus until he has exhausted his state court remedies, and his amended petition establishes that he has not exhausted his state court remedies on any of his claims.

For the foregoing reasons, the court DENIES the petitioner's motion to amend or correct judgment (DE 26) and his motion amending additional information (DE 27).

SO ORDERED.

DATED: February  7 , 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: M. Maxie